IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

YASSER ABDELHAQ,

       Petitioner,

v.                                         CIVIL ACTION NO.: 3:21-CV-145
                                                      (GROH)

DONALD F. AMES,
Superintendent,

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on November 23, 2022. ECF No. 49. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's Petition with prejudice. The Petitioner timely filed his objections to the R&R on December 27, 2022. ECF No. 54. With leave of this Court, the Petitioner filed supplemental objections on January 10, 2023. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On September 2, 2021, Yasser Abdelhaq ("Petitioner"), filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On January 26, 2022, the Petitioner filed the Petitioner filed an Amended Petition. ECF No. 24. A review of the Petition and supplement reveal that the Petitioner alleges six grounds for relief with some containing various sub-grounds. Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances

underlying the Petitioner's claims and no objection was made to these sections. For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a

clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, including over 1,000 pages from the underlying cases, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R. The objections simply state blanket assertions that the state courts' decisions were unreasonable and that many of

his claims were never decided on the merits. The objections lack specificity, but to the extent they are specific, they do not state any new material facts or arguments.

On the other hand, the R&R thoroughly and adequately addresses each of the Petitioner's grounds in his habeas petition. The Court notes that the evidence in this case includes admissions—by the Petitioner during his post-trial proceedings—that he stabbed the victim 235 times. See Abdelhaq v. Terry, No. 17-0078, 2018 WL 6131283, at *2 (W. Va. Nov. 21, 2018). The record is replete with ample evidence to sustain the Petitioner's conviction and without any indication that a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or based on an unreasonable determination of the facts in light of the evidence. This case includes procedural anomalies, to be sure, and the state courts' summary disposition of some claims may seem lacking at first glance. However, a thorough review of the filings makes it clear that the Petitioner has procedurally defaulted on several of the instant claims.

Therefore, the Court finds that *de novo* review is not required because the Petitioner's objections make no new legal arguments, and the factual presentation was properly considered by the Magistrate Judge in his R&R. See Taylor, 32 F. Supp. 3d 253, 260-61. Even if the Court applied a *de novo* review, it would reach the same conclusion as the R&R for the reasons stated therein, for those contained in the Respondent's Motion, and based upon the entire record of the Petitioner's underlying state cases.

### IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 49] should be, and

is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, the Respondent's Motion for Summary Judgment is **GRANTED** [ECF No. 33], and the Petitioner's Petition is **DISMISSED WITH PREJUDICE**. ECF No. 1. This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is further **DIRECTED** to transmit a copy of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected upon the docket sheet.

**DATED:** February 17, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE